## KANDELIN v. SOCIAL SECURITY BOARD.
### No. 236.
Circuit Court of Appeals, Second Circuit.
June 9, 1943.

328

Martin Norr, of Washington, D. C., Francis M. Shea, Asst. Atty. Gen., and Harold M. Kennedy, U. S. Atty., and Vine H. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y. (Sidney J. Kaplan, Sp. Asst. to Atty. Gen., of counsel), for appellant.

Clinton M. Flint, of Freeport, N. Y., for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal by the Social Security Board from a judgment reversing its order, which had denied a "lump sum" award to the plaintiff—the insured's son—and had made such an award to his widow. The case involves only one question: To which of the two should the award go, the widow having without justification abandoned the insured during his life? The Board ruled that this abandonment was irrelevant, both under the statute and under one of its regulations (Example 1, § 403.829, Title 20, Code of Federal Regulations); and the correctness of that ruling depends upon the meaning of § 402(g) of Title 42 U.S.C.A., which grants a "lump sum" benefit to the insured's "widow" in cases which do not come within § 402(c), (d), (e) or (f). Of these four subdivisions only (d) and (e) concern "widows"; and, since, in each of these two it is a condition that the "widow" shall be living with the insured at the time of his death, § 402(g) is concededly the controlling section.

A wife is still a wife after she has abandoned her husband, and the argument is unanswerable that she becomes his "widow" when he dies and is therefore entitled to the award, unless the statute provides otherwise. The only basis for thinking that it does, is to be found in the definitory section—409. Section 409 (j) defines the word, "widow," but, as it expressly excludes § 402(g) from its scope, § 409(m) is the only applicable provision. It reads as follows: "In determining whether an applicant is * * * wife, widow, child, or parent * * * the Board shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State" where the insured was domiciled when he died. "Applicants who according to such law would have the same status relative to taking intestate personal property as a wife, widow, child, or parent shall be deemed such." The insured lived in New York when he died, and § 87(d) of the Decedent Estate Law, Consol.Laws, c. 13, of that state provided that "no distributive share of the estate of a decedent shall be allowed under the provisions of this article * * * to a wife who has abandoned her husband."

The Board's argument is that, although the insured's widow concededly could not inherit his intestate personalty in New York, subdivision m does not require that she should. We are not certain that we have understood the Board's rationale, but we think it is that an applicant is to be "deemed" the insured's "widow," if by the law of New York a "widow," eo nomine, inherits her husband's intestate personalty, even though in the particular circumstances she may not. But the intent of § 409(m), if specifically addressed to the circumstances at bar, is that she shall be "deemed" a "widow" within the meaning of § 402(g) who would have the "status"—standing—of a "widow" in New York "relative to taking" intestate personalty. A widow, who has abandoned her husband, has no "status" in New York "relative to taking" such property; the law of New York disinherits her. Certainly the sentence cannot mean to include as "status," the absence of all right to take the property; that would be nonsense; it makes the devolution of personalty under the local law the pattern for the devolution of the award.

Apparently this result imposes serious practical difficulties of administration, as we can well understand; and the Board has from the outset construed subdivision m as it wishes us to do now. That interpretation is of course entitled to great weight, but in the end we bear the responsibility of reaching an independent decision, unless we are altogether to abdicate. If the necessity of deciding such is-

sues too greatly impedes the administration of the act, Congress alone can give relief, though we should doubt whether it would be disposed to do so. Certainly "applicants" like this widow have little to commend their claims; every consideration of justice should make against them. Be that as it may, up to the present time Congress has disclosed no purpose to aid them, but the direct opposite.

Judgment affirmed.