**Ernest H. GRIFFITH**

v.

**Robert H. FINCH, Secretary of Health, Education & Welfare.**

**No. 5685.**

United States District Court, E. D. Tennessee, S. D.

Sept. 29, 1970.

Swafford & Kelly, Jasper, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Jerry Foster, Asst. U. S. Atty., Chattanooga, for defendant.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This action is for a review of the Secretary's denial of dependency benefits

---

to the adopted child of the plaintiff wage-earner who is entitled to and is drawing disability benefits under the Social Security Act. The question of the eligibility of the minor to such child's benefits requires application of the statute providing benefits to adopted children. 42 U.S.C. § 402(d).

Plaintiff is the grandfather and adoptive father of the minor, Cherrie Ann Griffith, who was born on November 28, 1961, and has been living with and been cared for by her grandparents since birth. Plaintiff has been drawing disability benefits since January 1964. The minor dependent was adopted in state court proceedings upon July 15, 1967. The claim for dependency benefits was made upon May 27, 1968, and finally denied by the Appeals Council upon July 15, 1969.

Plaintiff avers benefits are due his adopted daughter by reason of the provisions in the 1968 amendment to 42 U.S.C. § 402(d) (8) (E) which, among other conditions, grants benefits to such an adopted child when legally adopted:

"(i) in an adoption which took place under the supervision of a public or private child-placement agency,

"(ii) in an adoption decreed by a court of competent jurisdiction within the United States."

It is admitted that this minor was legally adopted as decreed by the Circuit Court of Marion County, Tennessee. The decree of adoption further recites that:

" * * * upon Petitioners' application for an order waiving the order of reference, social investigation and report to the Court as is authorized by Sec. 36–118, Tennessee Code Annotated * * * the order of reference, social investigation, report to the Court, * * * are hereby waived by the Court."

It is further conceded that no child-placement agency was involved in the adoption in this case.

The defendant, while recognizing the prerogative of the Tennessee Court to waive such investigation and report, maintains that this adoption does not qualify the minor for benefits since 42 U.S.C. § 402(d) (8) (E) (i) was not complied with and that to allow benefits solely upon satisfying (d) (8) (E) (ii) would contravene the intention of the Congress which limited the benefit rights of dependent children adopted after the claimant had been drawing benefits for more than two years to those children whose adoption had taken place both under the supervision of a child-placement agency and by order of a court of competent jurisdiction.

The 1968 amendment to Section 402 liberalized the law with respect to adopted children and enlarged the number who may be entitled to dependency benefits. On the other hand this expanded right was circumscribed with statutory requirements which must be satisfied seriatim rather than in the alternative, as urged by the plaintiff. For this Court to construe an adoption under (d) (8) (E) (ii) alone as meeting the requirements, it would, in effect, be ascribing a meaningless act to the Congress when it provided such an adoption must satisfy both (d) (8) (E) (i) and (ii). Nor should the Court challenge the wisdom of such a provision in the adoption of a grandchild when the Congress could have easily included such natural grandchild in the provisions of (d) (8) (C).

This Court said in Bray v. Gardner, 268 F.Supp. 328 (1967):

" * * * The Court is sensitive to the argument that the Social Security Act should be liberally construed. It is disturbed by the hardship which will ensue if the child's insurance benefits are disallowed. The Court is aware that (the child) went to live with his grandparents and was supported by them. * * * On the other hand, the Court cannot legislate; nor can it construe a statute which is clear." (p. 331)

The same concern weighs upon the Court in this case where the grandparents have so generously provided for this

**550**

grandchild. However, this cannot justify the Court in ignoring or altering clear legislation. Furthermore, as stated by Judge Blackmun in Brasher v. Celebrezze, (C.A. 8, 1965) 340 F.2d 413 at 416:

> "[The] administrative constructions of the statute are entitled, of course, to great weight and are to be sustained unless unreasonable or plainly inconsistent with the governing statute. Review Committee, Venue VII, etc. v. Willey, 275 F.2d 264, 272 (8 Cir. 1960), cert. denied 363 U.S. 827, 80 S.Ct. 1597, 4 L.Ed.2d 1522; United States v. Ekberg, 291 F.2d 913, 921 (8 Cir. 1961), cert. denied 368 U.S. 920, 82 S.Ct. 242, 7 L.Ed.2d 135. We observe no such unreasonableness or inconsistency here."

The motion of the plaintiff for summary judgment will be denied, while the motion of the defendant Secretary for summary judgment will be granted. An appropriate order will enter.