**George R. KEYS, for the Use and Benefit of Richard T. Keys**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare.**

Civ. A. No. 7205.

United States District Court,
E. D. Tennessee, N. D.

March 1, 1971.

Charles B. Lewis, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case involves review of the decision of the Secretary of Health, Education and Welfare that Richard T. Keys, born February 4, 1963, is not entitled to a child's insurance benefit. 42 U.S.C. § 402(d). Jurisdiction is under 42 U.S.C. § 405(g).

George R. Keys, a resident of Roane County, Tennessee, was awarded disability insurance benefits, 42 U.S.C. § 423, effective December, 1964. Richard is his grandson. Richard has resided with Mr. Keys since birth, and Mr. Keys has provided Richard's sole support. Mr. Keys, upon the advice of the local social security representative, initiated adoption proceedings in the Circuit Court of Roane County. After the adoption was decreed on May 12, 1969, Mr. Keys filed a claim for child insurance benefits on Richard's behalf.

The claim was denied because Mr. Keys and his counsel had not complied with the applicable federal statute which requires, among other things, that a child-placement agency supervise the

**460**

adoption.[1]  Under Tennessee law, Tenn. Code Annot. § 36–118, a child-placement agency is not required to supervise the placement when close relatives seek adoptions.  Mr. Keys did notify the appropriate agency, but pursuant to the statute the Court waived agency supervision.

In Bray v. Gardner, 268 F.Supp. 328 (E.D.Tenn., 1967), this Court was faced with a similar case.  Unfortunately, recovery was denied because the disabled grandfather had not adopted the child within twenty-four months of the beginning of this period of disability.

Congress ameliorated this result by the 1968 Amendment of the Social Security Act provided the conditions in the statute (see Note 1) are met.  See 113 Cong. Rec. 33196–33197 (1967).  The short remarks on this Amendment noted that prior fears of abuse in this particular area had by experience been unfounded, that the child received only a small benefit, and that the cost to the Government was negligible.  The debate indicates that these particular conditions are to insure that adoption proceedings are in good faith.  This record will not support any lack of good faith in Mr. Keys behalf.  The debate also reveals the Tennessee practice was just not contemplated by Congress.

Mr. Keys has not presently complied with the statute, and this Court is reluctantly constrained to deny him benefits at this time.  Griffith v. Finch, 319 F.Supp. 548 (E.D.Tenn., 1970).  However, this decision shall not have any adverse effect upon Mr. Keys' future efforts to comply with the statute.

With this understanding, it is ordered that the Secretary's motion for summary judgment be, and same hereby is, sustained.

---

1.  42 U.S.C. § 402
"(8) In the case of—
"(A) an individual entitled to disability insurance benefits, * * *
a child of such individual adopted after such individual became entitled to such disability insurance benefits shall be deemed not to meet the requirements of clause (i) or (iii) of paragraph (1) (C) of this subsection unless such child—
*     *     *     *     *
"(E) was legally adopted by such individual—

"(i) in an adoption which took place under the supervision of a public or private child-placement agency,
"(ii) in an adoption decreed by a court of competent jurisdiction within the United States,
"(iii) on a date immediately preceding which such individual had continuously resided for not less than one year within the United States;
"(iv) at a time prior to the attainment of age 18 by such child."