**Marion P. MORRIS o/b/o Linda G. Morris, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 69–145 CH.**

United States District Court,
S. D. West Virginia,
at Charleston.
April 28, 1971.

P. W. Hendricks, Madison, W. Va., for plaintiff.

W. Warren Upton, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM OPINION

FIELD, Circuit Judge.

This is an action instituted by the petitioner, Marion P. Morris, to review a final decision of the Secretary of Health, Education and Welfare. That decision which was handed down by the Appeals Council on May 27, 1969, is to the effect that Linda G. Morris is not entitled to child's insurance benefits for which application on her behalf was filed on February 28, 1968.

On October 20, 1966, Marion P. Morris filed an application for child's insurance benefits under Title II of the Act on behalf of Linda G. Morris. That application was denied initially and on reconsideration, and the petitioner did not further pursue the matter. On February 28, 1968, the petitioner filed a second application on behalf of Linda G. Morris based on the 1967 amendments to the Act. That application was denied initially and on reconsideration, following which the petitioner requested a hearing. The hearing examiner determined that an oral hearing was not necessary and issued his decision on September 20, 1968, in which he held that Linda G. Morris was entitled to child's insurance benefits on the basis of both the 1966 and 1968 applications. The Appeals Council on its own motion decided to review this decision and subsequently returned the case to the hearing examiner to hold a hearing and receive additional evidence into the record.

The hearing was held on February 6, 1969. On March 18, 1969, the hearing examiner issued a decision in which he held that although the petitioner was not entitled to benefits on behalf of the child based on the 1966 application, he was entitled to such benefits under the 1967 amendments on the application filed in 1968. The Appeals Council reviewed the hearing examiner's decision on its own motion and on May 27, 1969, issued its decision reversing the hearing examiner and holding that petitioner was not entitled to the benefits sought. The decision of the Appeals Council thereby became the final decision of the Secretary.

The case is now before this Court on the Secretary's motion for summary judgment. Under 205(g) of the Act, 42 U.S.C.A. § 405(g), this Court has the power and the duty to review the findings of the Secretary to ascertain if they are supported by substantial evidence, and also to review the validity of regulations prescribed under the Act. Upon this motion, the Court must determine whether the reversal of the hearing examiner's decision by the Appeals Council was supported by substantial evidence and also whether the controlling regulations are valid. Matczak v. Secretary of Health, Education and Welfare, 299 F.Supp. 409 (E.D.N.Y.1969).

The essential facts in this case are not in dispute and show that the petitioner filed an application for a period of disability and disability insurance benefits on June 25, 1957, and was found to be entitled to a period of disability beginning September, 1953, and to disability insurance benefits effective July, 1957. On March 7, 1965, plaintiff's daughter gave birth to Linda and shortly thereafter the petitioner and his wife took Linda into their home. Linda is the petitioner's only dependent other than his wife. By Court order dated October 13, 1966, the Juvenile Court of Raleigh County, West Virginia, decreed the

adoption of the child by the petitioner and his wife. Prior to the adoption, the case was investigated by a court investigator who returned a favorable report.

Under the 1967 amendments to the Act, it is provided that a child may be deemed dependent if such child was legally adopted in an adoption which took place under the supervision of a public or private child-placement agency, 42 U. S.C.A. § 402(d) (8) (E). Under Social Security Administration Regulation No. 4, section 404.323(c) subsection (1) it is provided:

"For the purposes of paragraph (a) (5) (iii) of this section, the term 'public child-placement agency' means any governmental agency authorized by a state * * * to place children in a private home for adoption. The term does not include a court; it also does not include a court investigator, juvenile officer, probation officer, or other governmental official or agency appointed solely for the purpose of conducting an investigation for the court in an adoption proceeding unless such governmental official or agency has the authority to place children in private homes for adoption."

It would appear to be the Secretary's position that this regulation acts as a barrier to unwise adoptions by Social Security beneficiaries seeking to increase their benefits. The Court is well aware of the practical importance and necessity of such a barrier. However, in the instant case, Linda is the grandchild of the petitioner and his only dependent other than his wife. Furthermore, and most importantly, under West Virginia Law (Code, Chapter 48, Article 4, Section 1) adoption must take place in the county wherein those adopting reside. Accordingly, petitioner and his wife being residents of Raleigh County, the adoption could only take place in Raleigh County. Raleigh County does not, or at least at that time, did not, have a public or private placement center or agency for children. The same is true in many rural counties in this state and probably other states as well.

■■ While the administrative regulations of the Social Security Act are entitled to great weight, they are not controlling. Kandelin v. Social Security Board, 136 F.2d 327 (2nd Cir. 1943); Matczak v. Secretary of Health, Education and Welfare, *supra*. Here, we have a situation in which the Secretary's regulations would prohibit Linda and others like her in rural communities in West Virginia from ever qualifying for children's benefits, while their counterparts in larger communities can qualify because in the larger communities the necessary facilities and agencies are available to them. This Court therefore concludes that Social Security Administration Regulation No. 4, Section 404.323(c), Subsection (1), as applied by the Secretary to the facts in this case, is arbitrary, restrictive, unjust and invalid.

Accordingly, the Secretary's motion for summary judgment is denied, and an order granting petitioner child's insurance benefits on behalf of Linda G. Morris will be entered.