451 F.2d 45
 Grant HAGLER and Edith Hagler, husband and wife, for
themselves and for their minor child, Consuela
Hagler, Plaintiffs-Appellees,
v.
Robert FINCH, Secretary of Health, Education and Welfare,
Defendant-Appellant.
 No. 25758.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 4, 1971.
 
 James C. Hair, Jr. (argued), Kathryn H. Baldwin, Dept. of Justice, William D. Ruckelshaus, Asst. Atty. Gen., Washington, D. C., Richard K. Burke, U. S. Atty., Ann Bowen, Asst. U. S. Atty., Tucson, Ariz., for defendant-appellant.
 Anthony B. Ching (argued), Tucson, Ariz., for plaintiffs-appellees.
 Before KOELSCH, WEICK* and WRIGHT, Circuit Judges.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 The Social Security Act grants insurance benefits to the dependent child of a wage earner receiving disability benefits. We are asked to construe the portions of the Act that determine an adopted child's eligibility for this award.
 
 
 2
 Grant and Edith Hagler undertook the care of their daughter's newly born illegitimate child, Consuela, in December 1964. The Haglers commenced formal adoption proceedings in the Arizona Superior Court for Pima County in February 1966. That court issued a final order of adoption on September 18, 1967.
 
 
 3
 Grant Hagler had been drawing disability benefits under the Social Security Act since June 1963. In September 1967 Hagler filed an application with the Secretary of Health, Education and Welfare seeking child benefits for Consuela. A HEW hearing examiner held that Consuela did not satisfy the dependency requirements of the Act. The HEW Appeals Council denied review, and the hearing examiner's decision became a final agency action.
 
 
 4
 The district court below granted the Haglers' motion for summary judgment. We reverse and reinstate the Secretary's decision.
 
 
 5
 The applicable section of the Act, 42 U.S.C. Sec. 402(d), imposes two conditions upon a grant of child benefit insurance. The petitioner must be a disabled wage earner's "child," as defined in Sec. 416, and he must establish dependency upon the disabled parent. No one questions Consuela's status as the child of Grant Hagler within the meaning of Sec. 416. The parties disagree over construction of those portions of Sec. 402(d) that define dependency.
 
 
 6
 Congress enacted special rules to govern the conditions under which a child adopted subsequent to the parent's entitlement to disability status would be considered dependent for purposes of receiving child benefit insurance.[1] The child may meet the dependency test under either Sec. 402(d) (8) (D) (legally adopted within 24 months of the disability and either living with or in the process of being adopted by the wage earner at the time he became disabled), or Sec. 402(d) (8) (E) (legally adopted under the supervision of a child placement agency and a court). Appellees believe Consuela satisfies the requirements of both subsections, as they interpret them.
 
 
 7
 *****
 
 
 8
 * * *
 
 
 9
 *****
 
 
 10
 * * *
 
 
 11
 *****
 
 
 12
 * * *
 
 I.
 Subsection 402(d) (8) (D)
 
 13
 The Haglers contend that Consuela was legally adopted within the 24month period by virtue of an equitable adoption valid under Arizona law. They concede that she failed to satisfy the "living with" requirement, yet urge that it be waived because she was not yet alive when Grant Hagler started receiving disability payments.
 
 
 14
 We find it unnecessary to decide whether an equitable adoption may satisfy the statute, since we do not agree that Congress intended to grant benefits to children who would qualify but for the date of their birth. Certainly the terms of the statute contain no hint that noncompliance may be excused by late birth. And the legislative purpose behind Sec. 402 (d) (8) (D) will not support such an exception.
 
 
 15
 Before 1960 the Social Security Act denied benefits to all children adopted after their parents became eligible for benefits under the Act. Congress added Sec. 402(d) (8) (D) to extend the Act's coverage to those "cases where it is generally reasonable to assume that the disabled worker, before the disability benefits were payable, had intended to adopt the child." Hearings on H.R. 12580 Before the Senate Comm. on Finance, 86th Cong., 2d Sess., p. 467. No significant risk of abuse is presented by a parent who had already begun adoption proceedings or taken the child into his home before becoming disabled.
 
 
 16
 In contrast, Congress thought that one who makes the decision to adopt when he is already receiving Social Security payments is more likely to be motivated by economic considerations instead of genuine concern for a child's welfare. Given this congressional fear about improper motives for adoption, a judicially created exception for children born after the onset of disability would be inconsistent with the Act's legislative purpose.
 
 II.
 Subsection 402(d) (8) (E)
 
 17
 Congress added this provision in 1967 to ease the dependency requirements for after-adopted children. It qualifies any child whose adoption (1) took place under the supervision of a public or private child placement agency, and (2) became official through the decree of a court of competent jurisdiction within the United States.
 
 
 18
 The Haglers never had any contact with a child placement agency. The Arizona Superior Court appointed an Adoption Examiner, who investigated the Haglers' suitability as parents. The Adoption Examiner is an employee of the court; she handles cases where the child is already with the adopting family or is being adopted by a relative. The Secretary does not fault the scope or quality of her investigation, but he does insist that she did not represent a child placement agency.
 
 
 19
 The statute undeniably contemplates supervision by both an adoption agency and a court. The two-step process ensures better screening of prospective parents, since many courts no doubt lack the time and resources effectively to inquire into parents' qualifications. We cannot delete the child placement agency requirement from the statute, even though it may sometimes produce harsh results. The statute is clear. We are constrained by its terms to hold that Consuela Hagler may not receive child's insurance benefits under Sec. 402(d).
 
 
 20
 The Secretary recognizes that Consuela's adoption does not appear to have been motivated by any thoughts of economic gain. The Haglers, lacking guidance through the statutory maze of Sec. 402 (d), have wandered into a trap designed to snare only the undeserving. Their plight suggests a need for more flexible statutory requirements. Yet Congress, not this Court, should be the source of any new statutory provisions.
 
 III.
 
 21
 The Haglers contend that the child placement agency requirement offends the Due Process Clause of the Fifth Amendment by discriminating against intra-family adoptions. The statutory scheme rests upon a reasonable basis, since its two-step procedure provides a greater likelihood of careful screening to prevent abuse of the Act. This minimal rational basis is all the Constitution requires of a statute in the area of economics and social welfare. See Dandridge v. Williams, 397 U.S. 471 (1970).
 
 
 22
 The judgment of the district court is reversed.
 
 
 
 *
 Honorable Paul C. Weick, Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 [1]
 The Social Security Act, 42 U.S.C. (Supp. V, 1965-1969) Sec. 401 et seq., provides in pertinent part:
 42 U.S.C. Sec. 402(d). Child's insurance benefits
 (1) Every child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits * * * if such child-
 (C) was dependent upon such individual-
 (i) if such individual is living, at the time such application was filed, * * *
 shall be entitled to a child's insurance benefit for each month, beginning with the first month after August 1950 in which such child becomes so entitled to such insurance benefits * * *.
 (8) In the case of-
 (A) an individual entitled to disability insurance benefits, * * *
 a child of such individual adopted after such individual became entitled to such disability insurance benefits shall be deemed not to meet the requirements of clause (i) * * * of paragraph (1) (C) of this subsection unless such child-
 (D) was legally adopted by such individual before the end of the 24-month period beginning with the month after the month in which such individual most recently became entitled to disability insurance benefits, but only if-
 (i) proceedings for such adoption of the child had been instituted by such individual in or before the month in which began the period of disability of such individual which still exists at the time of such adoption (or, if such child was adopted by such individual after such individual attained age 65, the period of disability of such individual which existed in the month preceding the month in which he attained age 65), or
 (ii) such adopted child was living with such individual in such month; or
 (E) was legally adopted by such individual-
 (i) in an adoption which took place under the supervision of a public or private child-placement agency,
 (ii) in an adoption decreed by a court of competent jurisdiction within the United States,
 (iii) on a date immediately preceding which such individual had continuously resided for not less than one year within the United States,
 (iv) at a time prior to the attainment of age 18 by such child.