Marion P. **MORRIS**, o/b/o Linda G. Morris, Appellee,

v.

Elliot L. **RICHARDSON**, Secretary of Health, Education and Welfare, Appellant.

No. 71–1757.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1971.

Decided Jan. 28, 1972.

Albert V. Bryan, Circuit Judge, dissented and filed opinion.

Michael Kimmel, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., Walter H. Fleischer, Atty. Dept. of Justice, and W. Warren Upton, U. S. Atty., on the brief) for appellant.

E. Lee Schlaegel, Jr., Madison, W. Va. (Avis & Schlaegel, on the brief) for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Plaintiff, a recipient of social security disability benefits since 1957, adopted

his granddaughter in 1966 and sought child's insurance benefits for her immediately after the adoption was decreed. His application under the then existing statute was denied because the requirement of the statute that the adoption occur within two years after plaintiff had become entitled to disability benefits was not met. In 1968 the Social Security Amendments of 1967, 81 Stat. 821, became effective, and they extended child's insurance benefits to after-adopted children of disability beneficiaries regardless of when the adoption took place so long as the other conditions of the statute were met. Plaintiff then submitted a second application for child's insurance benefits. It was denied by the Secretary on the ground that the adoption had not been supervised by a public or private child-placement agency as the statute, as amended, and the Secretary's regulation, required.

Plaintiff sought review in the district court which, noting that under West Virginia law an adoption must take place in the county of residence of the adopting parents and that plaintiff's county of residence did not have a public or private placement center or agency for children, concluded that the Secretary's regulation, defining the term "public child-placement agency" not to include a court, was invalid and ordered child's insurance benefits to be granted, 335 F.Supp. 1178. In this appeal by the Secretary, we conclude that the conditions of the statute were not met and that the statute and the regulations were valid. We, therefore, reverse.

I

The adoption proceeding was filed in the Criminal Court of Raleigh County (acting as the Juvenile Court of Raleigh County), West Virginia. On the same day that the proceeding was filed, three things occurred: (1) the matter was referred to the Town Policeman for Whitesville, West Virginia, for investigation and report to the court, (2) a hearing was held at which the policeman reported favorably for the adoption, and (3) the adoption was decreed. It is conceded that Raleigh County had no local child-placement agency, public or private, and it is further conceded that West Virginia law requires that adoptions must be decreed in the county where the adoptive parents reside. W. Va.Code § 48–4–1 (1966).

II

Prior to the Social Security Amendments of 1967 the adopted child of a recipient of disability benefits was eligible for child's insurance benefits *only* if he was "legally adopted . . . before the end of the 24-month period beginning with the month [after the month] in which such individual [recipient of disability benefits] became entitled to disability insurance benefits." § 202(d)(8)(D) of the Act, 42 U.S.C.A. § 402(d)(8)(D). The 1967 Amendments retained this provision but added, as an alternative ground of qualification, that the child:

(E) was legally adopted by such individual—

(i) in an adoption which took place under the supervision of a public or private child-placement agency,

(ii) in an adoption decreed by a court of competent jurisdiction within the United States,

(iii) on a date immediately preceding which such individual had continuously resided for not less than one year within the United States;

(iv) at a time prior to the attainment of age 18 by such child.

§ 202(d)(8)(E) of the Act; 42 U.S.C.A. § 402(d)(8)(E).

The Secretary's regulation, 20 C.F.R. § 404.323, implements the statute. In addition to stating the several conditions prescribed by the statute (§ 404.323(a)(5)(iii)), it defines "public child-placement agency" as "any governmental agency authorized by a State . . ., or local governmental agency or component of either to place child in a private home for adoption. The term does not include a court; it also

does not include a court investigator, juvenile officer, or other governmental official or agency appointed solely for the purpose of conducting an investigation for the court in an adoption proceeding unless such governmental official or agency has the authority to place children in private homes for adoption." (§ 404.323(c)(1))

By the terms of the Act, § 202(d)(8)(E), the after-adopted child of a social security disability insurance recipient, in order to be eligible for child's insurance benefits, must meet at least two conditions. The first is that the adoption took place under the supervision of a public or private child-placement agency, and the second is that the adoption be decreed by a court of competent jurisdiction within the United States. In extending eligibility for child insurance benefits to children beyond those adopted within two years after their adoptive parents became eligible for disability benefits, Congress intended a two-step process to guard against an abuse of liberalized eligibility by adoptions for the sole purpose of creating eligibility for child insurance benefits. 113 Cong.Rec. 33196–7. By establishing the two separate requirements, Congress evidenced no intention to permit one of the requirements to suffice for the other. This was the conclusion reached in Hagler v. Finch, 451 F.2d 45 (9 Cir. 1971), where the suitability of grandparents' adoption of their grandchild was investigated only by an adoption examiner, an employee of the court decreeing the adoption, and where it was held that the child was, therefore, ineligible for child insurance benefits under the Act; and we agree. It follows that the Secretary's regulation stating that a court does not constitute a "public child-placement agency" is in accord with the statute and, hence, is valid, and that the adoption in the instant case was not accomplished in a manner which qualifies the child as one eligible to receive child insurance benefits under § 202(d)(8)(E) of the Act or the Secretary's regulation.

We see no denial of equal protection in this case. West Virginia law does permit the West Virginia State Department of Welfare to assume the permanent care, custody and guardianship of any child throughout the state and to consent to the adoption of the child in an adoption proceeding. W.Va.Code § 49–3–1 (1966). Thus, had plaintiff's granddaughter been relinquished by her parents to the Department of Welfare, it could have investigated the suitability of her grandparents as adoptive parents and consented to her adoption by her grandparents in the proceeding in Raleigh County. It cannot, therefore, be argued that the literal provisions of the statute or the regulation could not have been met, and, therefore, that the statute or the regulation discriminates against adopted children in Raleigh County, West Virginia.

For these reasons, the judgment of the district court is

Reversed.

ALBERT V. BRYAN, Circuit Judge (dissenting):

I would affirm the decision of the District Court on Judge Field's opinion. Morris v. Richardson, 335 F.Supp. 1178 (S.D.W.Va. April 28, 1971). In the peculiar circumstances here, the regulation seems to me to be unwarrantably restrictive and arbitrary in excluding the adopting court from the statutory phrase "public child-placement agency". The facts do not justify that interpretation of the statute in order to effectuate its terms.

There was no possibility of abuse of the law because the adoption of this child occurred before the benefits of the legislation were available to her foster parent. Moreover, it was too much to expect of him to anticipate any such infirmity in the child's adoptive status. To require him to seek an out-of-the county agency when the State law demanded that the adoption be accomplished in the county of residence, was also unreasonable. The majority would

have the grandfather "relinquish" the child to the State and thereafter endeavor to adopt her. This seems to me to be well beyond the exaction of the statute.