**Loftin L. PITTSENBARGER o/b/o Teresa Carol Pittsenbarger, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 69–35 BK.**

United States District Court, S. D. West Virginia, Beckley Division.

June 5, 1972.

Hugh C. Avis, Madison, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM OPINION

KNAPP, District Judge.

This action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), is to review a final decision of the Secretary of Health, Education and Welfare, which denied plaintiff's application for entitlement to child's insurance benefits for his adopted daughter under Sections 202(d) and 216(e) of the Act, 42 U.S.C.A. §§ 402(d) and 416(e).

Defendant moved the Court for summary judgment pursuant to Rule 56(b) on the ground that upon the pleadings and the transcript of the record, the defendant is entitled as a matter of law to a judgment affirming the Secretary's decision.

The facts are not in dispute. We are concerned only with the legal conclusions to be drawn from the facts. The plaintiff wage earner, Loftin L. Pittsenbarger, was awarded disability benefits under the Act beginning with the month of November, 1960. The child claimant, Teresa Carol Pittsenbarger, born May 12, 1957, is the legitimate child of Anna Volene Steele (wage earner's daughter) and Dewey Lewis Steele, her then husband. She was adopted by wage earner, Loftin L. Pittsenbarger, and his wife, Stella Pittsenbarger, by a competent court of record, to-wit, the Circuit Court of Greenbrier County, West Virginia, by decree entered on the 21st day of August, 1965. It is conceded that in the adoption proceedings there was no child-placement agency involved and that no public or private child-placement agency supervised the adoption or investigated the adopting parents, their

home, the child, and other relevant matters.

The adoption does not comply with the requirements of Section 202(d) (8) (E) of the Social Security Act, as amended in 1967, 42 U.S.C.A. § 402(d) (8) (E), which provides that for a child, adopted after its adoptive parent had become entitled to disability benefits, to be entitled to benefits, it must be shown that such child:

"(E) was legally adopted by such individual—

(i) in an adoption which took place under the supervision of a public or private child-placement agency,

(ii) in an adoption decreed by a court of competent jurisdiction within the United States,

(iii) on a date immediately preceding which such individual had continuously resided for not less than one year within the United States;

(iv) at a time prior to the attainment of age 18 by such child."

Plaintiff recognized that the requirements of Section 202(d) (8) (E) (i), were not strictly met but urged that noncompliance was constitutionally permissive under the facts of this precise case. West Virginia law, he argues, requires the adoption proceeding to be filed in the Circuit Court of Greenbrier County, West Virginia, the residence county of the petitioners, the prospective parents. West Virginia Code, Chapter 48, Article 4, Section 1. Since Greenbrier County, like many other rural counties in West Virginia, had no public or private child-placement agency, it is urged that to deny child benefits to one adopted in such counties, where the adoption is otherwise legal in all respects, arbitrarily discriminates against those individuals, and particularly this claimant, and denies to him equal protection of the law.

■ This Court has heretofore held, speaking through Judge John A. Field, Jr., that such statute worked impermissible discrimination against adopted

children in certain rural areas of this State where no public or private child-placement agency existed. Morris v. Richardson, 335 F.Supp. 1178 (S.D.W.Va. 1971). However, upon appeal the Fourth Circuit Court of Appeals reversed, holding that Congress in extending eligibility for child insurance benefits to children beyond those adopted within two years after their adoptive parents became eligible for disability benefits intended a two-step process to guard against an abuse of liberalized disability by adoption, to-wit: (1) an adoption taking place under the supervision of a public or private child-placement agency, and (2) the adoption be decreed by a court of competent jurisdiction within the United States. The Court reasoned that by establishing the two separate requirements, Congress had not intended to permit one requirement to suffice for the other; that the literal provisions of the statute could have been met, and therefore that the statute and the Secretary's Regulation thereunder (20 C.F.R. 404.323) did not discriminate against adopted children in such rural counties, did not offend equal protection of the laws, and was therefore valid. Morris v. Richardson, 455 F.2d 775 (4th Cir. 1972).

■ Plaintiff advances also in support of eligibility the theory of "equitable adoption", within the requisite period of time—here prior to the end of a 24-month period beginning with the month after the month in which the wage earner became entitled to disability insurance benefits, to-wit, December, 1962. While the concept of "equitable adoption" is given effect both by the Secretary and by the courts, this Court must conclude from the evidence before it that the essential elements required for "equitable adoption" are here not present. This Court in Davis v. Celebrezze, 239 F.Supp. 608 (S.D.W.Va. 1965), held that to make out a case of "equitable adoption" there must be either a written or oral agreement showing the intention of the parties to adopt, and this contract or agreement must be

proven by clear, strong and satisfactory evidence. While the child here involved, Teresa Carol Pittsenbarger nee/Steele, lived in wage earner's home almost from birth, the following material facts contained in the record clearly show that there was no such agreement: (1) the wage earner stated: "There were no terms of the child's surrender." (Exhibit B–6); (2) the child's natural mother stated: "There was neither a written nor verbal agreement as to adoption." (Exhibit B–7); and (3) the child's natural father stated: "Mr. Pittsenbarger has had full custody of Teresa Carol, my natural child, since about July, 1959 * * *. There was no agreement of any kind between the Pittsenbargers and me and my wife about the child before she was legally adopted by the Pittsenbargers." (Exhibit B–8).

The Court, having reached the foregoing conclusions on the issues presented in this action is of the opinion to grant defendant's motion for summary judgment thereby affirming the Secretary's decision. Counsel may prepare an appropriate order incorporating this opinion by reference therein.