## MORRIS *v.* WEINBERGER, SECRETARY OF HEALTH, EDUCATION, AND WELFARE

No. 71–6698.  Argued January 17, 1973—
Decided February 22, 1973

*E. R. McClelland* argued the cause and filed a brief for petitioner.

*Walter H. Fleischer* argued the cause for respondent. On the brief were *Solicitor General Griswold, Assistant Attorney General Wood, Mark L. Evans, Kathryn H. Baldwin,* and *Michael Kimmel.*

PER CURIAM.

Twenty days after this Court granted a writ of certiorari, 409 U. S. 841, Congress amended the relevant statutory provisions, § 202 (d)(8) of the Social Security Act, 42 U. S. C. § 402 (d)(8).  See § 111 (a), Social Security Amendments of 1972 (Oct. 30, 1972), Pub. L. 92–603, 86 Stat. 1329.  The writ of certiorari heretofore granted is dismissed as improvidently granted.

MR. JUSTICE DOUGLAS, dissenting.

In this case, petitioner was denied social security benefits for his dependent adopted daughter because her court-approved adoption was not supervised by a child-placement agency.  As noted by the Court, the section which barred his claim at the time that it was filed has now been repealed.[1]  What the Court does not deal with,

---

[1] Social Security Amendment of 1972, Pub. L. 92–603, 86 Stat. 1329, § 111.

however, is the patchwork nature of the relief that Congress has provided.

Section 111 (b) of the new Act [2] specifies the dates and circumstances to which § 111 (a) [3] applies. As I read § 111 (b), should petitioner qualify for increased benefits under § 111 (a)'s new standards, he could now secure retroactive application of the revised Act to cover the entire period at issue in this case. It is true that § 111 (a) no longer requires that court-authorized adoptions be supervised by a child-placement agency. Petitioner's lot is not, however, bettered since § 111 (a) now imposes a new requirement which petitioner cannot meet: that benefits may be paid to an adopted child only

---

[2] "The amendment made by subsection (a) shall apply with respect to monthly benefits payable under title II of the Social Security Act for months after December 1967 on the basis of an application filed in or after the month in which this Act is enacted; except that such amendments shall not apply with respect to benefits for any month before the month in which this Act is enacted unless such application is filed before the close of the sixth month after the month in which this Act is enacted."

[3] The relevant portion of that section reads:

"(8) In the case of—

"(A) . . . .

"(B) an individual entitled to disability insurance benefits . . . . a child of such individual adopted after such individual became entitled to such . . . benefits shall be deemed not to meet the requirements of clause (i) . . . of paragraph (1)(C) unless such child—

"(C) . . . .

"(D)(i) was legally adopted by such individual in an adoption decreed by a court of competent jurisdiction within the United States,

"(ii) was living with such individual in the United States and receiving at least one-half of his support from such individual . . . for the year immediately before . . . the month in which such individual became entitled to disability insurance benefits, and

"(iii) had not attained the age of 18 before he began living with such individual."

if the child was living with the beneficiary "for the year immediately before the month in which began the period of [compensable] disability . . . ." § 111 (a)(8)(D)(ii) (II). Petitioner began receiving disability insurance benefits in July 1957. His adopted daughter was not born until 1965, however, and petitioner will accordingly not benefit under the terms of § 111 (a).

Section 111 (b) does not alter 42 U. S. C. § 402 (d)(8) as to the applications filed *before* October 1972 for benefits accruing before October 30, 1972. Such an application is before us in this case. Petitioner is therefore entitled to benefits under the former statute, if there is merit to his claim that the old § 402 (d)(8) distinctions among types of adoption supervision are constitutionally infirm.

Because the new Act does not provide coverage for petitioner's child but the old Act remains applicable to the claim before us, I would reach the merits.