**Eligah GILLIAM, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1638.**

United States District Court,
E. D. Kentucky,
Pikeville Division.

Oct. 15, 1973.

Alva A. Hollon, Hollon & Hollon, Hazard, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

This action seeks through Summary Judgment proceedings review of a final decision of the Secretary of Health, Education and Welfare denying the plaintiff's claim for children's insurance benefits for his granddaughter, Carolyn Ann Gilliam, under 42 U.S.C. § 402(d). Jurisdiction is found under 42 U.S.C. § 405(g).

Although 42 U.S.C. § 402(d) was recently amended, Morris v. Weinberger, 410 U.S. 422, 93 S.Ct. 1408, 35 L.Ed.2d 394 (1973), those amendments are not relevant to this action as the application was filed prior to October, 1972. See § 111, Social Security Amendments of 1972 (October 30, 1972), Pub.L. 92–603, 86 Stat. 1329.

Under the provisions of 42 U.S.C. § 402(d)(8)(E) as constituted prior to amendment, a child was entitled to disability benefits if the child was legally adopted by (the disability insurance benefits recipient)—

"(i) in an adoption which took place under the supervision of a public or private child-placement agency,

(ii) in an adoption decreed by a court of competent jurisdiction within the United States,

(iii) on a date immediately preceding which such individual had continuously resided for not less than one year within the United States,

(iv) at a time prior to the attainment of age 18 by such child."

The sole issue before the Court is whether the Secretary's decision to deny benefits in this action is supported by substantial evidence. Ingram v. Richardson, 471 F.2d 1268 (6th Cir. 1972).

The Secretary contends that the adoption of the plaintiff's grandchild did not meet the requirements of 42 U.S.C. § 402(d)(8)(E)(i) in that it was not under the supervision of a public or private child-placement agency. That contention, if true, would bar the payment of the benefits. Brandt v. Richardson, (S.D.Ohio Nov. 1, 1971), aff'd per curiam, (6th Cir. May 8, 1972); Morris v. Richardson, 455 F.2d 775 (4th Cir. 1972); Hagler v. Finch, 451 F.2d 45 (9th Cir. 1971); Keys v. Richardson, 325 F.Supp. 459 (E.D.Tenn.1971).

This action presents to the Court a factual situation in point with that before the Court in Keys v. Richardson, *Id.* except for the state law to be applied. It is that distinction upon which the plaintiff bases his argument.

Under Kentucky law, KRS 199.-470(4)(a), a child-placement agency must approve the placement of a child for adoption except when a close blood relation seeks adoption. In addition, KRS 199.510 provides for an investigation and report by the Kentucky Department of Child Welfare upon the filing of a petition for adoption. That report is to determine whether: (1) the contents of the petition are true; (2) the proposed parents are financially and morally fit to have the care, custody and training of the child; and (3) the adoption is to the best interest of the child.

Upon the filing of their petition for adoption of their granddaughter, the Gilliams were interviewed on January 10, 1969 by Edmond P. Stivers, an employee of the Kentucky Department of Child Welfare. The primary purpose of this interview was to establish the blood relationship of the parties (Tr. 31–33, 36–37, 72, 74, 77 and 79). Following his interview, Mr. Stivers wrote a letter to the Court which has been summarized in the record (Tr. 79). It is this report which distinguishes the instant action from that before the Tennessee District Court in Keys v. Richardson, *Id.* There was no investigation whatsoever made by a child-placement agency prior to the adoption decree in the Tennessee action. Here there was an investigation and report as contemplated by Social Security Regulations, 20 C.F.R. § 404.323(c)(3). It is immaterial that the investigation conducted was not as extensive as normally conducted where non-blood relations are involved. There has been no waiver of the investigation *in toto* but, rather, a diminution in the scope of the same, under lawful standards directing the nature and extent of the state agency's investigation. The Kentucky Department of Child Welfare, by making investigation complied with its duties, and, therefore, the supervision contemplated by 42 U.S.C. § 402(d)(8)(E)(i) has been provided.

The plaintiff's Motion for Summary Judgment is Sustained.

The defendant's Motion for Summary Judgment is Overruled.

This action shall be, and the same hereby is, Remanded to the Secretary with directions to enter an appropriate award of benefits.