Michelle M. **RUNDLE, by and through her next of friend and mother, Renee Rundle, on her behalf, Appellant,**

v.

Joseph A. **CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

No. 79–4381.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1981.

Decided Feb. 12, 1981.

Jeff Spence, Seattle, Wash., for appellant.

William Kanter, Washington, D. C., on brief; Douglas N. Letter, Washington, D. C., argued, for appellee.

Before WRIGHT, NELSON and NORRIS, Circuit Judges.

1. The applicable statutes are these:
   Section 202(d)(1) of the Social Security Act, 42 U.S.C. 402(d)(1), provides in pertinent part that:
   (d)(1) Every child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—
   (A) has filed application for child's insurance benefits,
   (B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time student and had not attained the age of 22, or (ii) is under a disability (as defined in section 423(d) of this title) which began before he attained the age of 22, and
   (C) was dependent upon such individual—
   (i) if such individual is living, at the time such application was filed,
   (ii) if such individual has died, at the time of such death, or
   (iii) if such individual had a period of disability which continued until he became entitled to old-age or disability insurance benefits, or (if he has died) until the month of his death, at the beginning of such period of disability or at the time he became entitled to such benefits,
   shall be entitled to a child's insurance benefit
   * * *
   Section 202(d)(3) of the Act, 42 U.S.C. 420(d)(3), provides in pertinent part that:
   (3) A child shall be deemed dependent upon his father or adopting father or his mother or adopting mother at the time specified in paragraph (1)(C) of this subsection unless, at such time, such individual was not living with or contributing to the support of such child and—

EUGENE A. WRIGHT, Circuit Judge:

The issue before us is whether due process is violated by Section 202(d)(8) of the Social Security Act, which excludes from child's benefits those children who have been adopted by wage earners after the latter have become entitled to disability benefits.

Michelle Rundle, on whose behalf this appeal is taken by her adoptive mother, Renee Rundle, was not born until after Renee's eligibility for social security disability benefits was established. Michelle is not Renee's natural child, step-child or grandchild.

After her adoption, Michelle's application for child's benefits was administratively denied because, under § 202(d)(8) of the Social Security Act,[1] an after-adopted child must

(A) such child is neither the legitimate nor adopted child of such individual, or
(B) such child has been adopted by some other individual.
Section 202(d)(8) of the Act, 42 U.S.C. 402(d)(8), provides in pertinent part that:
In the case of—
(A) an individual entitled to old-age insurance benefits (other than an individual referred to in subparagraph (B)), or
(B) an individual entitled to disability insurance benefits, or an individual entitled to old-age insurance benefits who was entitled to disability insurance benefits for the month preceding the first month for which he was entitled to old-age insurance benefits, a child of such individual adopted after such individual became entitled to such old-age or disability insurance benefits shall be deemed not to meet the requirements of clause (i) or (iii) of paragraph (1)(C) unless such child—
(C) is the natural child or stepchild of such individual (including such a child who was legally adopted by such individual), or
(D)(i) was legally adopted by such individual in an adoption decreed by a court of competent jurisdiction within the United States,
(ii) was living with such individual in the United States and receiving at least one-half of his support from such individual (I) if he is an individual referred to in subparagraph (A), for the year immediately before the month in which such individual became entitled to old-age insurance benefits or, if such individual had a period of disability which continued until he had become entitled to old-age insurance benefits, the month in which such period of disability began, or (II) if he is an individual referred

show a special relationship with the parent, or actual dependency for one year before the parent became eligible for benefits.

Unable to meet either requirement, Michelle was excluded from child's benefits. She then brought an action in district court challenging the agency determination on the ground that § 202(d)(8) violates the Due Process Clause of the constitution. This appeal follows the district court's decision upholding the constitutionality of the section.[2]

In cases involving due process and equal protection challenges to classifications created by the Social Security Act, the Supreme Court has held that the inquiry is whether these classifications have some rational basis. It "has consistently refused to invalidate on equal protection grounds legislation which it simply deemed unwise or unartfully drawn." *Railroad Retirement Board v. Fritz*, —— U.S. ——, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980). *See Mathews v. De Castro*, 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 768, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975); *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970); *Flemming v. Nestor*, 363 U.S. 603, 611, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435 (1960).

This court held that the constitutional requirements for a previous version of § 202(d)(8) were satisfied by a "minimal rational basis," *Hagler v. Finch*, 451 F.2d 45, 48 (9th Cir. 1971), *cert. denied*, 405 U.S. 1071, 92 S.Ct. 1522, 31 L.Ed.2d 805 (1972).

When considering the Social Security Amendments of 1972 (P.L. 92–603), Congress evidenced its concern about abuses in the granting of secondary benefits, saying:

> [The] committee believes that benefits for a child who is adopted by a worker already getting old age or disability benefits should be paid only when the child lost a source of support because his parent retired or became disabled, and that the new law should include safeguards against abuse through adoption of children solely to qualify them for benefits.

H.Rep.No.92–231, 92d Cong., 2d Sess., reprinted at 1972 U.S.Code Cong. & Ad.News, pp. 4989, 5039.

In *Tsosie v. Califano*, 630 F.2d 1328 (9th Cir. 1980), we upheld 42 U.S.C. § 416(e), which denies benefits to after-adopted children if they received regular outside support contributions. Classifications between classes of children are permissible in this context if they are rationally related to a desire to avoid spurious claims. *Id.* at 1339 n. 8.

Congress could reasonably believe a couple would not have a natural child solely to obtain secondary benefits. It could also believe that related children would be adopted to cement family relationships rather than to obtain benefits. It is there-

---

to in subparagraph (B), for the year immediately before the month in which began the period of disability of such individual which still exists at the time of adoption (or, if such child was adopted by such individual after such individual attained age 65, the period of disability of such individual which existed in the month preceding the month in which he attained age 65), or the month in which such individual became entitled to disability insurance benefits, or (III) if he is an individual referred to in either subparagraph (A) or subparagraph (B) and the child is the grandchild of such individual or his or her spouse, for the year immediately before the month in which such child files his or her application for child's benefits, and

(iii) had not attained the age of 18 before he began living with such individual.

In the case of a child who was born in the one-year period during which such child must have been living with and receiving at least one-half of his support from such individual, such child shall be deemed to meet such requirements for such period if, as of the close of such period, such child has lived with such individual in the United States and received at least one-half of his support from such individual for substantially all of the period which begins on the date of birth of such child.

2. The district court noted that *Lockwood v. Califano* involved similar facts and the same issue, and applied the same holding to that case. Rundle, proceeding *in forma pauperis*, was allowed to adopt appellant's brief in *Lockwood* as her own. The cases were argued together and a disposition in *Lockwood* will follow.

fore reasonable to believe the chance of abuse is greater with unrelated, after-adopted children.

Other circuits have held that treating after-born, after-adopted children as a special class is rationally related to the valid congressional purpose of preventing fraud, and have upheld § 202(d)(8). *Brehm v. Harris,* 619 F.2d 1016 (3d Cir. 1980); *Clayborne v. Califano,* 603 F.2d 372 (2d Cir. 1979); *Williams v. Mathews,* 566 F.2d 1044 (5th Cir.), *cert. denied,* 439 U.S. 821, 99 S.Ct. 85, 58 L.Ed.2d 112 (1978); *Stanton v. Weinberger,* 502 F.2d 315 (10th Cir. 1974).

Appellant's arguments that the statute is under-inclusive because it does not prevent all fraudulent claims, and over-inclusive because it prevents properly motivated claims, are answered by the Supreme Court in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The Court held that prophylactic provisions need not be perfect in their operation if Congress could rationally have concluded both that "a particular limitation or qualification would protect against [the occurrence of abuse], and that the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule." *Id.* at 777, 95 S.Ct. at 2472.

General rules are necessary in administering a fund of such magnitude "even though such rules inevitably produce seemingly arbitrary consequences in some individual cases." *Califano v. Jobst,* 434 U.S. 47, 53, 98 S.Ct. 95, 99, 54 L.Ed.2d 228 (1977); *See also Railroad Retirement Board v. Fritz, supra; Vance v. Bradley,* 440 U.S. 93, 108, 109, 99 S.Ct. 939, 948, 949, 59 L.Ed.2d 171 (1979).

Appellant's reliance on *Jiminez v. Weinberger,* 417 U.S. 628, 94 S.Ct. 2496, 41 L.Ed.2d 363 (1974) is misplaced. In the provision challenged in that case there was no basis for drawing a distinction between two classes of illegitimate children. *Clayborne v. Califano, supra,* 603 F.2d at 380. *See also Brehm v. Harris,* 619 F.2d 1016 (3rd Cir. 1980).

Appellant has failed to show that the "legislative facts on which [§ 202(d)(8)] is apparently based could not reasonably be conceived to be true by [Congress]." *Bradley, supra,* 440 U.S. at 111, 99 S.Ct. at 950.

AFFIRMED.